ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 SEP 28 AM 11: 58

CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JOHN L. SHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-027 |
| | ) | |
| FNU AJIBADE, Doctor, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Johnson State Prison ("JSP") in Wrightsville, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

I. **BACKGROUND**

Plaintiff names the following Defendants in his complaint: (1) Doctor Ajibade, a physician at JSP; (2) Ms. Powell, Medical Director at JSP; and (3) Ms. Martin, who is also identified as Medical Director at JSP.[1] (Doc. no. 1, pp. 1, 4, 8.) Plaintiff indicates that he is suing each Defendant in his or her individual and official capacities. (Id. at 1.)

---

[1] Defendants Powell and Martin are also identified as chiefs of administrative staff. (Doc. no. 1, pp. 1, 4.)

Plaintiff alleges that on March 18, 2010, he was transferred from Bostick State Medical Prison ("Bostick") to JSP. (Id. at 5.) Plaintiff maintains that a physician at Bostick, Dr. Dalrymple, had diagnosed him with Hepatitis C on April 26, 2009, almost a year prior to his arrival at JSP. (See id. at 7-8.) Plaintiff further alleges that Dr. Dalrymple had diagnosed his Hepatitis C as requiring medical treatment. (See id. at 8-9.) According to Plaintiff, approximately two or three weeks after his arrival at JSP, he was seen by each Defendant; however, he alleges that, as of the time he filed his complaint, he has been denied treatment for his condition. (See id. at 5-6.) In particular, Plaintiff contends that when he explained to Defendants that he needed treatment for his Hepatitis C, Defendants "refused to listen," and that Dr. Ajibade yelled at Plaintiff and denied that he had "any chronic illness for Hepatitis C." (Id. at 5.)

Plaintiff asserts that Defendant Ajibade is the physician who is primarily responsible for his medical care. (Id. at 8.) Plaintiff alleges that he explained to all Defendants the nature of his medical issues and need for treatment, and he specifies that Defendants Powell and Brown were "put on notice of [his] serious medical needs for medication and treatment for Hepatitis C." (Id. at 5, 8.) Plaintiff seeks an award of monetary damages against each Defendant. (See id. at 12.)

As a result of Defendants' alleged denial of treatment, Plaintiff complains that he has had to endure approximately a year of pain and suffering. (See id. at 6, 10-11.) Plaintiff claims that the failure to provide treatment has caused his condition to worsen, and that he has suffered a lack of sleep, weight loss, scarring of his liver, cirrhosis, liver cancer, yellowing of his skin, and blindness. (Id. at 6.) Furthermore, Plaintiff maintains that he has suffered mental stress because of his continuing pain, and due to his fears that he will develop gangrene or

sustain damage to his organs. (See id. at 6-7.)

## II. DISCUSSION

Plaintiff attempts to proceed against all Defendants in their official and individual capacities. As noted above, in his demand for relief, Plaintiff seeks an award of monetary damages against each Defendant. (See id.) Notably, however, the Eleventh Amendment bars official capacity claims against state prison officials for money damages. Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims for monetary relief fail as a matter of law, and they should be dismissed from this case.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's official capacity claims for monetary damages be **DISMISSED**.[2]

SO REPORTED and RECOMMENDED this 28th day of September, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2] In a simultaneously filed Order, the Court has directed that service of process be effected on all Defendants based on Plaintiff's Eighth Amendment claim for deliberate indifference to his serious medical needs.